UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
ANTONIO CHAPPELL,                     )
                                      )
          Plaintiff                   )
                                      )
     v.                               )
                                      )
INTERNATIONAL STEEL GROUP n/k/a       )
MITTAL STEEL USA, INC.,               )
                                      )
          Defendant                   )
*****************************         )   Case No. 2:07 cv 135
INTERNATIONAL STEEL GROUP n/k/a       )
MITTAL STEEL USA, INC.,               )
                                      )
          Third-Party Plaintiff       )
                                      )
     v.                               )
                                      )
HAAS ENVIRONMENTAL, INC.,             )
                                      )
          Third-Party Defendant       )
```

OPINION AND ORDER

This matter is before the court on the Motion for Extension of Time to File Dismissal Documents and Request for Briefing Schedule on Tax Reporting Obligations [DE 68] filed by International Steel Group n/k/a Mittal Steel USA, Inc. ("Mittal") on September 9, 2009. For the reasons discussed below, the motion is **DENIED**.

Background

This case arises from a motor vehicle accident on property owned by the defendant, Mittal, in East Chicago, Indiana. On April 29, 2005, the plaintiff, Antonio Chappell ("Chappell") was

injured due to a collision with an employee of Mittal who was acting within the scope of his employment.  As a result of the collision, Chappell suffered injuries to his lower back.  Chappell still has problems with his lower back causing pain to his right side and running down his right leg.  Chappell filed his original Complaint on March 28, 2007, in which he claimed that he incurred medical bills, suffered lost wages, experienced pain and suffering, and that his injuries are permanent in nature and will cause additional medical bills and pain and suffering in the future.

A settlement conference was held on August 8, 2009, by the court.  At the settlement conference the two sides came to an agreement whereby Mittal and the third-party defendant, Haas Environmental, agreed to each pay the plaintiff $45,000.  The parties were given thirty (30) days to file dismissal documents.  On or about August 9, 2009, Mittal, by counsel, forwarded to Chappell's counsel a W-9 form to verify Chappell's correct social security number for tax reporting purposes.  Thereafter, a dispute arose between the parties as to the need for the W-9 form and the accompanying 1099 IRS informational obligations of Mittal.  Chappell has refused to sign the W-9 form and maintains that no 1099 reporting is required.  Chappell and Haas Environmental have executed signatures on the dismissal documents.  Furthermore, Chappell has received a settlement draft in the amount of $45,000 from Haas Environmental.

Defendant Mittal filed this motion for an extension of time to file the dismissal documents on September 4, 2009. Mittal also asks that the court issue a briefing schedule allowing the parties to address the tax issues and their effect on this matter. Chappell filed a memorandum of law in opposition to Mittal's motion for an extension of time on September 8, 2009. Chappell requests interest and attorney fees from Mittal for the extra time and effort involved in this briefing. On October 9, 2009, Chappell filed a Motion for Hearing Pursuant to Local Rule 7.5 [DE 73].

## Discussion

The Internal Revenue Service defines gross income as all income from whatever source derived unless otherwise excluded by the code. 26 U.S.C. §61(a). One of those exclusions, known as Section 104(a)(2), provides an exclusion from gross income for "the amount of any damages (other than punitive damages) received (whether by suit or agreement . . .) on account of personal physical injuries or sickness." 26 U.S.C. §104(a)(2). Section 1.104-1(c) of the Treasury Regulations interprets Section 104(a)(2) and provides:

> Section 104(a)(2) excludes from gross income the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness. The term "damages received (whether by suit or agreement)" means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agree-

3

>    ment entered into in lieu of such prosecu-
>    tion.
>
>    26 C.F.R. §1.104-1(c)

The Supreme Court has stated there are two independent requirements that a taxpayer must meet before gross income is excluded under §104(a)(2). "First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is 'based upon tort or tort type rights'; and second, the taxpayer must show that the damages were received 'on account of personal injuries or sickness.'" *C.I.R. v. Schleier*, 515 U.S. 323, 337, 115 S.Ct. 2159, 2167, 132 L.Ed.2d 294 (1995). There is a "default rule of statutory construction that exclusions from income must be narrowly construed." *C.I.R.*, 515 U.S. at 328, 115 S.Ct. at 2163 (*quoting* *United States v. Burke*, 504 U.S. 229, 248, 112 S.Ct. 1867, 1878, 119 L.Ed.2d 34 (1992)).[1]

In *Schleier*, the respondent was a former employee of United Airlines who was fired when he reached the age of 60, pursuant to an established United policy. He filed a complaint alleging that this termination violated the Age Discrimination in Employment Act of 1967. A settlement was reached in which the respondent received $145,629, half of which was attributed to back pay and half to liquidated damages. United did not withhold any payroll

---

[1] "After the Supreme Court issued its decision in *Schleier*, Congress amended section 104(a)(2), effective for amounts received after August 20, 1996, by adding the requirement that in order to be excluded from gross income, any amount received must be on account of personal injuries that are physical or sickness that is physical." *Hansen v. C.I.R.*, 2009 WL 1139469 (U.S. Tax Ct.). This 1996 amendment removed emotional distress from being considered as a physical injury or physical sickness. Small Business Job Protection Act of 1996, Pub. L. No. 104-188 Sec. 1605, 110 Stat. 1838.

4

or income taxes from the portion designated liquidated damages, and when the respondent filed his income tax return in 1986, he included the back pay portion of his settlement as gross income but excluded the portion from the liquidated damages. The Supreme Court determined that a recovery under the ADEA was not considered excludable from gross income. 515 U.S. at 327, 115 S.Ct. at 2167. The Supreme Court held that the respondent's claim failed because the damages received failed to come "on account of personal injuries or sickness." 515 U.S. at 332, 115 S.Ct. at 2165.

In its analysis of the plain language of §104(a)(2), the Supreme Court posited a hypothetical in which it assumed that a taxpayer was injured in an automobile accident and as a result suffered medical expenses, lost wages, and pain, suffering, and emotional distress. The Supreme Court explained that the entire amount would be excludable under §104(a)(2), assuming that the taxpayer had not deducted his medical expenses previously. **Schleier,** 515 U.S. at 329, 115 S.Ct. at 2163-64. The Supreme Court stated, "The critical point this hypothetical illustrates is that each element of the settlement is recoverable not simply because the taxpayer received a tort settlement, but rather because each element of the settlement satisfies the requirement set forth in §104(a)(2) . . . that the damages were received 'on account of personal injuries or sickness.'" **Schleier**, 515 U.S. at 330, 115 S.Ct. at 2164.

Based on the reasoning of ***Schleier***, Chappell's recovery should be excluded from his gross income under §104(a)(2). The injuries suffered by Chappell were caused by the negligent operation of a motor vehicle by an employee of defendant Mittal. Chappell suffered personal physical injuries to his lower back that still affect him today. Furthermore, the only relief that Chappell sought by his Complaint's prayer was compensation for medical bills, lost wages, pain and suffering, and future medical bills and pain as a result of his injuries. These requests are in line with the hypothetical proposed by the ***Schleier*** Court in dicta. These requests for relief also fall within the exclusions of §104(a)(2). Because Chappell did not request relief for emotional damages, the amendment to §104(a)(2) since ***Schleier*** was decided has no impact on this settlement. Based upon Chappell's prayer for relief and the limited information the court has concerning the oral settlement agreement, there is no reason for Mittal to require Chappell to report the settlement.[2] *See* ***Elustra v. Mineo***, \_\_\_ F.3d \_\_\_, 09-2183, (7th Cir. February 9, 2010)(affirming terms of oral settlement agreement at settlement conference despite belated dispute over non-material terms of the agreement).

As for Chappell's request to have Mittal pay the attorney's

---

[2] Mittal's argument that Chappell took a loan against his settlement proceeds and that the funds are actually being paid to repay principle and interest of that loan is tardy and inaccurate. That Chappell borrowed against the settlement does not in any way change *what* the settlement is compensating Chappell for and does not implicate Mittal's tax liability in any way, but is a financial issue solely for Chappell. The argument is tardy because it is not raised until the reply brief (or surreply, as it is labeled).

fees generated by this motion, the basic rule is that each party must bear its own attorney's fees absent a showing of oppression or subjective bad faith. *TMF Tool Co., Inc. v. Siebengartner*, 899 F.2d 584, 590 (7th Cir. 1990). Because Chappell does not offer the court any rule, statute, or case law on which the court should base such a sanction, the request for fees is **DENIED**.

_____

For the foregoing reasons, the Motion for Extension of Time to File Dismissal Documents and Request for Briefing Schedule on Tax Reporting Obligations [DE 68] filed by International Steel Group n/k/a Mittal Steel USA, Inc., on September 9, 2009, is **DENIED**. There is no need for a hearing on this motion, and therefore, the Motion for Hearing Pursuant to Local Rule 7.5 [DE 73] filed on October 9, 2009, is **DENIED AS MOOT**.

ENTERED this 26th day of February, 2010

　　　　　　　　　　　　　　　　s/ Andrew P. Rodovich
　　　　　　　　　　　　　　　　United States Magistrate Judge